UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., fka WACHOVIA MORTGAGE FSB, <br><br> Plaintiff, <br><br> v. <br><br> DANIEL E. CARO; LETICIA CARO, <br><br> Defendants. | Civil No. 11cv2810 L (BLM) <br><br> **ORDER REMANDING THIS ACTION** |

Defendants removed this unlawful detainer action on December 2, 2011, from the Superior Court of the State of California, in and for the County of San Diego. The removal is premised on the Court's diversity jurisdiction.

Having reviewed defendants notice of removal and the operative complaint, the Court finds it does not have subject matter jurisdiction over this action and the removal is procedurally defective. The Court therefore will remand the case to the San Diego County Superior Court.

The federal court is one of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*. A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11, 103 S. Ct. 2841 (1983). Alternatively, a federal court has jurisdiction over an action involving citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court . . .." *Franchise Tax Bd.*, 463 U.S. at 9-10. Under this rule, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

As noted above, in order to establish diversity jurisdiction, the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. The removing party has the burden of establishing removal jurisdiction. *Lowdermilk*, 479 F.3d at 997; *see Abrego Abrego*, 443 F.3d at 682-83 (the removing defendant has " 'always' borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement"), (quoting *Gaus*, 980 F.2d at 566) ("Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement"); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir.2007). The

amount in controversy is determined at the time of removal and is to be decided based on the allegations in the operative pleading. *Lowdermilk*, 479 F.3d at 994.

Plaintiff's complaint states that it is entitled to immediate possession of the premises and is being damaged in the amount of $73.33 per day for defendants' use and occupancy of the premises. The written notice requiring and demanding that defendants quit and deliver possession of the property was served on November 18, 2011. It is clear that the amount demanded is under the $75,000.00 amount in controversy requirement. Although defendants contend the amount in controversy exceeds the jurisdictional amount of $75,000 because the Adjustable Rate Mortgage Note lists the amount of the loan at $466,000, the issue is whether *plaintiff's claim* for unlawful detainer in the operative pleading, *i.e.,* the complaint filed in state court, meets the amount in controversy requirement. Here, it does not. As a result, diversity jurisdiction has not been established.

Defendants have not shown that the state court action could have originally been brought in federal court; therefore, the Court must remand this action.

Based on the forgoing, **IT IS ORDERED** remanding this action to the Superior Court of the State of California, in and for the County of San Diego.

**IT IS SO ORDERED.**

DATED: December 12, 2011

                                              M. James Lorenz
                                              United States District Court Judge

COPY TO:

HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL